962 So.2d 310 (2007)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES  REPORT NO. 2006-2.
No. SC06-2303.
Supreme Court of Florida.
July 12, 2007.
Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has filed a report, proposing amendments to Standard Jury Instructions in Criminal Cases 8.4  Aggravated Battery; 8.10  Assault on Law Enforcement Officer or Firefighter; 8.11  Battery on Law Enforcement Officer or Firefighter; 8.12  Aggravated Assault on Law Enforcement Officer or Firefighter; 8.13  Aggravated Battery on Law Enforcement Officer or Firefighter; 8.14  Aggravated Battery on Person 65 Years of Age or Older; 11.1  Sexual Battery  Victim Less than 12 Years of Age; 13.1  Burglary; 14.2  Dealing in Stolen Property (Fencing); 14.3  Dealing in Stolen Property (Organizing); and 27.1  Escape. The Committee also proposes new instructions *311 6.3  Attempted Felony Murder; 6.3(a)  Attempted Felony Murder  Injury Caused by Another; 8.4(a)  Aggravated Battery (Pregnant Victim); 10.16  Use of a Firearm While Under the Influence; 13.5(a)  Trespass on School Grounds or Facilities; 13.5(b)  Trespass on School Grounds or Facilities after Warning by Principal or Designee; 20.13  Fraudulent Use or Possession of Personal Identification Information; 20.14  Harassment by Use of Personal Identification Information; 20.15  Fraudulent Use of Personal Identification Information of a Minor; 20.16  Fraudulent Use of Personal Identification Information of a Minor by a Parent or Guardian; 20.17  Fraudulent Use or Possession of Personal Identification Information Concerning a Deceased Individual; and 20.18  Fraudulent Creation, Use or Possession of Counterfeit Personal Identification Information. The Committee published the proposals for comment in The Florida Bar News prior to submission to the Court. We have jurisdiction. See art. V, § 2(a), Fla. Const.
We decline to authorize proposed new instructions 20.13  Fraudulent Use or Possession of Personal Identification Information, and 20.17  Fraudulent Use or Possession of Personal Identification Information Concerning a Deceased Individual. Unlike the other instructions pertaining to the unlawful use or possession of personal identification information, these proposed instructions include provisions for an enhanced penalty based upon the use of a public record to facilitate or further the identity theft, pursuant to sections 817.568(5) and (10), as well as based upon the pecuniary benefit, value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated, or the number of individuals victimized. See §§ 817.568(2)(b) and (c); 817.568(8)(b) and (c), Fla. Stat. While the basis for the enhanced penalty under sections 817.568(2) and 817.568(8) is fraudulent use, an enhancement under section 817.568(5) or section 817.568(10) does not require fraudulent use. However, proposed new instructions 20.13 and 20.17 cite sections 817.568(5) and 817.568(10), and state "Give if applicable and Fraudulent Use is charged." We are concerned that these proposed instructions fail to distinguish between the two distinct bases for application of an enhanced penalty, i.e., use of a public record to facilitate or further the identity theft, as distinguished from fraudulent use of personal identification information in respect to the pecuniary benefit, value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated, or the number of individuals victimized. Therefore, we refer these proposed instructions back to the Committee to address this issue.
Having considered the Committee's report and one comment filed, we hereby authorize the publication and use of the other proposals, as set forth in the appendix to this opinion, with minor modifications.[1] In doing so, we express no opinion *312 on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck-through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

6.3 ATTEMPTED FELONY MURDER FIRST DEGREE [ENUMERATED FELONY] [NON-ENUMERATED FELONY]

§§ 782.04(1)(a) and 777.04 § 782.051(1) and (2), Fla. Stat.
The instructions on attempted first and third degree felony murder have been deleted. See State v. Gray, 654 So.2d 552 (Fla.1995).
To prove the crime of Attempted Felony Murder, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [committed] [attempted to commit] a (crime alleged).
2. While engaged in the [commission] [attempted commission] [escape from the immediate scene] of (crime alleged), the defendant [committed] [aided or abetted] an intentional act that is not an essential element of (crime alleged).
3. This intentional act could have but did not cause the death of (victim).
(Crime alleged) is defined by Florida law as (define the crime).
In order to convict (defendant) of Attempted Felony Murder, it is not necessary for the State to prove that [he] [she] had a premeditated design or intent to kill.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
Section 782.051(1), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony enumerated in section 782.04(3). Section 782.051(2), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony not enumerated in section 782.04(3), Fla. Stat.
This instruction was adopted in 2007. See Battle v. State, 911 So.2d 85 (Fla. 2005).

*313 6.3(a) ATTEMPTED FELONY MURDER  INJURY CAUSED BY ANOTHER

§ 782.051(3) Fla. Stat.
To prove the crime of Attempted Felony Murder, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [committed] [attempted to commit] a (crime alleged).
2. (Victim) was injured during the [commission] [attempted commission] of an escape from the immediate scene of the (crime alleged) by an individual other than the person(s) [committing] [attempting to commit] [escaping from the immediate scene of] the (crime alleged).
(Crime alleged) is defined by Florida law as (define the crime).
In order to convict the defendant of attempted felony murder, it is not necessary for the state to prove that the defendant had a premeditated design or intent to kill.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
Section 782.051(3), Fla. Stat., applies only where the defendant was committing or attempting to commit a felony enumerated in section 782.04(3).
This instruction was adopted in 2007.

8.4 AGGRAVATED BATTERY

§ 784.045, Fla. Stat.
To prove the crime of Aggravated Battery, the State must prove the following two elements beyond a reasonable doubt. The first element is a definition of battery.
1. (Defendant)
[intentionally touched or struck (victim) against [his] [her] will].
[intentionally caused bodily harm to (victim)].
Give 2a or 2b as applicable.
2. (Defendant) in committing the battery
a. [intentionally or knowingly caused
[great bodily harm to (victim)]].
[permanent disability to (victim) ]].
[permanent disfigurement to (victim) ]].
b. [used a deadly weapon.]
c. [knew or should have known that (victim) was pregnant.]
Definition. Give if 2b alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Lesser Included Offenses

--------------------------------------------------------------------------
 AGGRAVATED BATTERY  784.045(1)(a)
--------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------------
Battery 784.03 8.3
--------------------------------------------------------------------------
Felony battery 784.041 8.5
--------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
--------------------------------------------------------------------------
 Improper exhibition of dangerous 790.10 10.5
 weapons or firearms
--------------------------------------------------------------------------
 Discharging a firearms in public 790.15 10.6
--------------------------------------------------------------------------

*314 Comment
The lesser included offense of Felony Battery is only applicable if element 2a is charged and proved.
This instruction was approved in 1981 and amended in 1989 [543 So.2d 1205], and 2007.

8.4(a) AGGRAVATED BATTERY (Pregnant Victim)

§ 784.045, Fla. Stat.
To prove the crime of Aggravated Battery, the State must prove the following three elements beyond a reasonable doubt. The first element is a definition of battery.
1. (Defendant) [intentionally touched or struck (victim) against her will] [intentionally caused bodily harm to (victim) ].
2. (Victim) was pregnant at the time.
3. (Defendant) in committing the battery knew or should have known that (victim) was pregnant.

Lesser Included Offenses

-----------------------------------------------------------
 AGGRAVATED BATTERY (PREGNANT VICTIM)  784.045(1)(b)
-----------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------
 Battery 784.03 8.3
-----------------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------------

Comment
This instruction was approved in 2007. See Small v. State, 889 So.2d 862 (Fla. 1st DCA 2004).

8.10 ASSAULT ON A [LAW ENFORCEMENT OFFICER], [ FIREFIGHTER], ETC.

§ 784.07(2)(a), Fla. Stat.
To prove the crime of Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer employed by the Board of Trustees of a Community College], the State must prove the following six elements beyond a reasonable doubt:
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
4. (Victim) was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
5. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer *315 employed by the board of trustees of a community college].
6. At the time of the assault,, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Lesser Included Offenses

---------------------------------------------------------
 ASSAULT ON LAW [ENFORCEMENT OFFICER] [FIREFIGHTER],
 ETC. 784.07(2)(a)
---------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------------

Comment
Several statutes have been added in recent years providing for reclassification of assaults and batteries on designated classes: §§ 784.074, 784.075, 784.076, 784.078, 784.081, 784.082, 784.083, and 784.085.
This instruction was adopted in 1981 and amended in 1992 [603 So.2d 1175], and 1995 [657 So.2d 1152], and 2007.

8.11 BATTERY ON [LAW ENFORCEMENT OFFICER], [FIREFIGHTER], ETC.

§ 784.07(2)(b), Fla. Stat.
To prove the crime of Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College], the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) intentionally
[touched or struck (victim) against [his] [her] will].
[caused bodily harm to (victim)].
2. (Victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
3. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
4. (Victim) was engaged in the lawful performance of [his] [her] duties when the battery was committed.
*316 The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Lesser Included Offenses

-----------------------------------------------------
 BATTERY ON [LAW ENFORCEMENT OFFICER] [FIREFIGHTER],
 ETC. 784.07(2)(b)
-----------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------
 Battery 784.03 8.3
-----------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1992 [603 So.2d 1175], and 1995 [657 So.2d 1152], and 2007.

8.12 AGGRAVATED ASSAULT ON [LAW ENFORCEMENT OFFICER], [FIREFIGHTER], ETC.

§ 784.07(2)(c), Fla. Stat.
To prove the crime of Aggravated Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College], the State must prove the following seven elements beyond a reasonable doubt. The first three elements define assault.
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
Give 4a or 4b as applicable.
4. a. [The assault was made with a deadly weapon.]
b. [The assault was made with a fully-formed, conscious intent to commit (crime charged) upon (victim).]
If 4b is alleged, define the crime charged.
5. (Victim) was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
6. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed *317 by the board of trustees of a community college].
7. At the time of the assault, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).
Definition. Give if 4a alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Give if 4a alleged.
It is not necessary for the State to prove that the defendant had an intent to kill.

Lesser Included Offenses

----------------------------------------------------------------------
 AGGRAVATED ASSAULT ON [LAW ENFORCEMENT OFFICER], ETC.  784.07(2)(c)
----------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
----------------------------------------------------------------------
 Aggravated assault 784.021 8.2
----------------------------------------------------------------------
 Assault on law on 784.07(2)(a) 8.10
 enforcement officer
----------------------------------------------------------------------
 Assault 784.011 8.1
----------------------------------------------------------------------
 Attempt 777.04(1) 5.1
----------------------------------------------------------------------
 Improper exhibition of 790.10 10.5
 dangerous weapons or
 firearms
----------------------------------------------------------------------
 Discharging firearms in 790.15 10.6
 public
----------------------------------------------------------------------

Comment
This instruction was approved in 1992 [603 So.2d 1175], and amended in 1995 [657 So.2d 1152], and 2007.

8.13 AGGRAVATED BATTERY ON [LAW ENFORCEMENT OFFICER], [FIREFIGHTER], ETC.

§ 784.07(2)(d), Fla. Stat.
To prove the crime of Aggravated Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College], the State must prove the following five elements beyond a reasonable doubt. The first element is a definition of battery.
1. (Defendant)
[intentionally touched or struck (victim) against [his] [her] will]
[intentionally caused bodily harm to (victim)].
Give 2a or 2b as applicable.
2. (Defendant) in committing the battery
a. [intentionally or knowingly caused
[great bodily harm to (victim)]]
[permanent disability to (victim)]]

*318 [permanent disfigurement to (victim)]]
b. [used a deadly weapon].
3. (Victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
4. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
5. (Victim) was engaged in the lawful performance of [his] [her] duties when the battery was committed against [him] [her].
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).
Definition. Give if 2b alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Lesser Included Offenses

----------------------------------------------------------------------
 AGGRAVATED BATTERY ON [LAW ENFORCEMENT OFFICER], [FIREFIGHTER], ETC.
  784.07(2)(d)
----------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
----------------------------------------------------------------------
 Aggravated battery 784.045 8.4
----------------------------------------------------------------------
 Felony battery 784.041 8.5
----------------------------------------------------------------------
 Battery on 784.07(2)(b) 8.11
 enforcement officer
----------------------------------------------------------------------
 Battery 784.03 8.3
----------------------------------------------------------------------
 Attempt 777.04(1) 5.1
----------------------------------------------------------------------
 Improper exhibition of 790.10 10.5
 dangerous weapons or
 firearms
----------------------------------------------------------------------
 Discharging firearms in 790.15 10.6
 public
----------------------------------------------------------------------

Comment
The lesser included offense of Felony Battery is only applicable if element 2a is charged and proved.
This instruction was adopted in 1992 [603 So.2d 1175] and was amended in 1995 [657 So.2d 1152], and 2007.

8.14 AGGRAVATED BATTERY ON PERSON 65 YEARS OF AGE OR OLDER

§ 784.08(2)(a), Fla. Stat.
To prove the crime of Aggravated Battery on a Person 65 Years of Age or Older, the State must prove the following *319 three elements beyond a reasonable doubt. The first element is a definition of battery.
1. (Defendant) intentionally
[touched or struck (victim) against [his] [her] will].
[caused bodily harm to (victim)].
Give 2a or 2b as applicable.
2. (Defendant) in committing the battery
Give 2a, 2b, or 2c as applicable.
a. [intentionally or knowingly caused
[great bodily harm to (victim)]].
[permanent disability to (victim)]].
b. [used a deadly weapon].
c. [knew or should have known that (victim) was pregnant].
3. (Victim) was at the time 65 years of age or older.
Definition. Give if 2b alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Lesser Included Offenses

------------------------------------------------------------------------
 AGGRAVATED BATTERY ON PERSON 65 YEARS OF AGE OR
 OLDER  784.08(a2)(a)
------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------------------
 Aggravated battery 784.045 8.4
------------------------------------------------------------------------
 Felony battery 784.041 8.5
------------------------------------------------------------------------
 Battery on person 65 784.08(2)(c) 8.16
 years of age or older
------------------------------------------------------------------------
 Battery 784.03 8.3
------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
------------------------------------------------------------------------
 Improper exhibition of 790.10 10.5
 dangerous weapons or
 firearms
------------------------------------------------------------------------
 Discharging firearms in 790.15 10.6
 public
------------------------------------------------------------------------

Comment
The lesser included offense of Felony Battery is only applicable if element 2a is charged and proved.
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2007.

10.16 USING A FIREARM WHILE UNDER THE INFLUENCE

[§ 790.151, Fla. Stat. RESERVED]
To prove the crime of Using a Firearm While Under the Influence, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) used a firearm.
2. (Defendant) was under the influence of [an alcoholic beverage] [any chemical substance] [any controlled substance] when affected to the extent that [his] [her] normal faculties were impaired, when using the firearm.
Definitions.
§ 790.001(6), Fla. Stat.
"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; *320 or any machine gun. The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.
"Use a firearm" means to discharge a firearm or to have a firearm readily accessible for immediate discharge.
"Readily accessible for immediate discharge" means loaded and in a person's hand.
Give if applicable.
"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.
§ 877.111, Fla. Stat.
(Chemical substance) is a chemical substance under Florida law.
Ch. 893, Fla. Stat.
(Controlled substance) is a controlled substance under Florida law.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

11.1 SEXUAL BATTERY  VICTIM LESS THAN 12 YEARS OF AGE

§ 794.011(2), Fla. Stat.
To prove the crime of Sexual Battery upon a Person Less Than 12 Years of Age, the State must prove the following two three elements beyond a reasonable doubt:
1. (Victim) was less than 12 years of age.
Give 2a, 2b, 2c, or 2d as applicable.
2. a. [(Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].
b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
c. [(Defendant) injured the sexual organ of (victim) in an attempt to commit an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] would have penetrated or would have had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
d. [(Defendant) injured the sexual organ of (victim) in an attempt to commit an act upon (victim) in which the [anus] [vagina] of (victim) would be penetrated by an object.]
Give 3a or 3b as applicable.
3. a. (Defendant) was 18 years of age or older at the time of the sexual battery.
b. (Defendant) was less than 18 years of age at the time of the sexual battery.
The punishment provided by law for sexual battery upon a person less than 12 years of age is greater depending upon the age of the defendant. Therefore, if you find the defendant guilty of sexual battery upon a person less than 12 years of age and you further find that at the time of the sexual battery the defendant was 18 years of age or older, you should find [him] [her] guilty of sexual battery upon a person less than 12 years of age by a person 18 years of age or older.
If you find that the defendant was not 18 years of age or older but did commit the sexual battery, you should find [him] [her] guilty only of sexual battery *321 upon a person less than 12 years of age by a person under 18 years of age.
Give if applicable.
However, any act done for bona fide medical purposes is not a sexual battery.
Definition. Give if applicable.
"Union" means contact.
In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.
The option of the word "[with] (victim)" in 2a and 2c is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.

 Lesser Included Offenses
-------------------------------------------------------------------------------------
 SEXUAL BATTERY  VICTIM UNDER 12-794.011(2)(a)-(b)
-------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-------------------------------------------------------------------------------------
Battery 784.03 8.3
-------------------------------------------------------------------------------------
 Solicitation by person in familial authority 794.011(8)(c) 11.5
-------------------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-------------------------------------------------------------------------------------
 Assault 784.011 8.1
-------------------------------------------------------------------------------------
 Aggravated assault 784.021(1)(a) 8.2
-------------------------------------------------------------------------------------
 Aggravated battery 784.045(1)(a) 8.4
-------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], and 1995 [657 So.2d 1152], and 2007, by adding 3(a) and 3(b) pursuant toGlover v. State, 863 So.2d 236 (Fla.2003).

13.1 BURGLARY

§ 810.02, Fla. Stat.
Give this statement of the elements if the charge is unlawful entry÷.
To prove the crime of Burglary, the State must prove the following three [two] [three] elements beyond a reasonable doubt:
1. (Defendant) entered a [structure] [conveyance] owned by or in the possession of (person alleged).
2. (Defendant) did not have the permission or consent of (person alleged), or anyone authorized to act for him, to [enter] [remain in] the [structure] [conveyance] at the time.
3.2. At the time of entering the [structure] [conveyance], (defendant) had a fully-formed, conscious the intent to commit the offense of [an offense] [(the crime alleged)] in that [structure] [conveyance].
The offense intended cannot be trespass or burglary.
Give element 3 only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. See State v. Hicks, 421 So.2d 510 (Fla.1982) and State v. Waters, 436 So.2d 66 (Fla.1983).
3. [(Defendant) was not [licensed] [invited] to enter the [structure] [conveyance].] [The premises were not open to the public at the time of the entering.]
Give if applicable.
If the [license] [invitation] to enter was obtained by (defendant's) trick or fraud or deceit, then the [license] [invitation] to enter was not valid.
Give if applicable.
*322 If (defendant) entered premises that were open to the public, but then entered an area of the premises that [he] [she] knew was not open to the public, (defendant) committed a burglary if [he] [she] entered that non-public area with the intent to commit [an offense][(the crime alleged)]in that non-public area.
Give if applicable. § 810.07 Fla. Stat.
You may infer that (defendant) had the intent to commit a crime inside a [structure] [conveyance] if the [entering] [attempted entering] of the [structure] [conveyance] was done stealthily and without the consent of the owner or occupant.
The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the [structure] [conveyance] to commit [an offense] [(the crime alleged)].
Give this statement of the elements if the charge is unlawfully remaining÷.
To prove the charge crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had permission or consent to enter a [structure] [conveyance] owned by or in the possession of (person alleged).
2. (Defendant), after entering the [structure] [conveyance], remained therein

Give 2a, 2b, or 2c, as applicable.

a. surreptitiously and with the fully-formed conscious intent to commit the offense of (crime alleged) [an offense] [(the crime alleged)] inside the [structure] [conveyance].
b. after permission to remain had been withdrawn and with the fully-formed conscious intent to commit the offense of (crime alleged) [an offense] [(the crime alleged)] inside the [structure] [conveyance].
c. with the fully-formed conscious intent to commit or attempt to commit the offense of [a forcible felony] [(the forcible felony alleged) ].
Define the crime or forcible felony alleged. The offense intended cannot be trespass or burglary.
Give whichever bracketed language applies
A person may be guilty of this offense [if he or she originally entered the premises at a time when they were open to the public, but remained there after he or she knew that the premises were closed to the public]
[or]
[if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public].
if he or she had the intent to commit the crime described in the charge.
§ 810.07 Fla. Stat.
Proof of the entering of a [structure] [conveyance] stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit a crime if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.
The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the [structure] [conveyance] to commit (crime alleged)
Proof of intent.
*323 The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.
Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit (crime alleged) [an offense] [(the crime alleged)], the defendant must be found not guilty of burglary.
Proof of possession of stolen property.
Proof of unexplained possession by an accused of property recently stolen by means of a burglary may justify a conviction of burglary with intent to steal that property if the circumstances of the burglary and of the possession of the stolen property, when considered in the light of all evidence in the case, convince you beyond a reasonable doubt that the defendant committed the burglary.
Definitions. Give as applicable.
§ 810.011(1), Fla. Stat.
"Structure" means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.
§ 810.011(3), Fla. Stat.
"Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.
Enhanced penalty. Give as applicable.
The punishment provided by law for the crime of burglary is greater if the burglary was committed under certain aggravating circumstances. Therefore, if you find the defendant guilty of burglary, you must then consider whether the State has further proved those circumstances.
With an assault.
If you find that in the course of committing the burglary If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) the defendant made an assault assaulted upon any person., you should find [him] [her] guilty of burglary during which an assault has been committed. An assault is an intentional and unlawful threat either by word or act to do violence to another at a time when the defendant appeared to have the ability to carry out the threat and [his] [her] act created a well-founded fear in the other person that the violence was about to take place.
With a battery.
If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) battered any person. A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person.
While armed.
If you find that in the course of committing the burglary, the If you find (defendant)guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) was armed or armed [himself] [herself] within the [structure] [conveyance] with [explosives] or [a *324 dangerous weapon]., you should find [him] [her] guilty of burglary while armed.
Definitions. Give as applicable. § 790.001(5), Fla. Stat. See exceptions § 790.001(5)(a)-(d), Fla. Stat.
"Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.
A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
Structure is a dwelling.
If you find that while the defendant made no assault and was unarmed, If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the structure [entered] [remained in] was a dwelling., you should find [him] [her] guilty of burglary of a dwelling.
Definition. Give as applicable.
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
Human being in structure or conveyance.
If you find that while the defendant made no assault and was unarmed, If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, there was a human being in the [structure] [conveyance], at the time [he] [she] [entered] [remained in] the [structure] [conveyance],. you should find [him] [her] guilty of burglary of a [structure] [conveyance] with a human being in the [structure] [conveyance].
Dwelling or structure with use of motor vehicle or damage.
If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) entered a [dwelling] [structure] and
1. used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damaged the [dwelling] [structure],
or
2. caused damage to the [dwelling] [structure] [property] within the [dwelling] [structure], in excess of $1,000.
In an area that is subject to a state of emergency, the definition of structure, dwelling, and conveyance may be different during a state of emergency. See § 810.011, Fla. Stat.
If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, the [structure] [conveyance] was within an area that the governor had declared was subject to a state of emergency under Chapter *325 252, the "State Emergency Management Act."
With no aggravating circumstances
If you find that the defendant committed the burglary without any aggravating circumstances, you should find [him] [her] guilty only of burglary.
§ 810.011(4), Fla. Stat.
An act is committed "in the course of committing" if it occurs in the attempt to commit the offense or in flight after the attempt or commission.
§ 790.001(5), Fla. Stat.
"Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.
If necessary see exceptions set out in § 791.01 and Chapter 552, Fla.Stat.
A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
Therefore, it you find the defendant guilty of burglary, it will be necessary for you to state in your verdict whether the defendant (insert aggravating circumstances charged).

 Lesser Included Offenses
--------------------------------------------------------------
BURGLARY WITH ASSAULT OR BATTERY OR WHILE ARMED OR
 WITH USE OF MOTOR VEHICLE OR PROPERTY
 DAMAGE 810.02(2)
---------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------
Burglary 810.02(4) 13.1
---------------------------------------------------------------
 Aggravated battery 784.045 8.4
---------------------------------------------------------------
 Battery 784.03 8.3
---------------------------------------------------------------
 Aggravated assault 784.021 8.2
---------------------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------------------
 Burglary 810.02(3) 13.1
---------------------------------------------------------------
 Trespass 810.08(2)(a) 13.3
---------------------------------------------------------------
 Trespass 810.08(2)(b) 13.3
---------------------------------------------------------------
 Trespass 810.08(2)(c) 13.3
---------------------------------------------------------------
 Criminal Mischief 806.13 12.4
---------------------------------------------------------------

 BURGLARY OF DWELLING; BURGLARY OF STRUCTURE OR
 CONVEYANCE WITH HUMAN BEING INSIDE  810.02(3)
---------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------------------
Burglary 810.02(4) 13.1
---------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------------------------------
 Burglary 810.02(3) 13.1
---------------------------------------------------------------------------
 Trespass 810.08(2)(a) 13.3
---------------------------------------------------------------------------
*326
----------------------------------------------------------------------------
 Trespass 810.08(2)(b) 13.3
----------------------------------------------------------------------------

 BURGLARY  810.02(4)
------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------
None
------------------------------------------------------------
 Attempt 777.04(1) 5.1
------------------------------------------------------------
 Trespass 810.08(2)(a) 13.3
------------------------------------------------------------
 Trespass 810.08(2)(b) 13.3
------------------------------------------------------------
 Trespass 810.08(2)(c) 13.3
------------------------------------------------------------
 Criminal Mischief 806.13 12.4
------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1997 [697 So.2d 84], and 2003 [850 So.2d 1272], and 2007. It should be given for offenses committed after July 1, 2001. See § 810.02, Fla. Stat. (2002). For guidance on instructions for burglary offenses committed between February 2000 and before July 1, 2001, see State v. Ruiz, 863 So.2d 1205 (Fla.2003) and Burnes v. State, 861 So.2d 78 (Fla. 3d DCA 2003).

13.5 (a) TRESPASS ON SCHOOL GROUNDS OR FACILITIES

§ 810.097, Fla. Stat.
To prove the crime of Trespass on School Grounds or Facilities, the State must prove the following two elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. a. (Defendant) entered or remained on the campus of (school name).
b. (Defendant) entered or remained on (facility name) owned by (school name).
Give 2a or 2b as applicable.
2. a. (Defendant) did not have any legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property.
b. (Defendant) was a student under suspension or expulsion at the time he or she entered or remained on the campus or any other facility owned by a school.
Definition.
"School" means the grounds or any facility of any kindergarten, elementary school, middle school, junior high school, or secondary school, whether public or non-public.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

13.5 (b) TRESPASS ON SCHOOL GROUNDS OR FACILITIES AFTER WARNING BY PRINCIPAL OR DESIGNEE

§ 810.097(2), Fla. Stat.
To prove the crime of Trespass on School Grounds or Facilities After Warning by Principal or Designee, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) entered or remained on the campus or any facility of (school name).
2. The principal or [his] [her] designee [told or directed the defendant to leave the campus or facility] [told the defendant not to enter the campus or facility] of (school name).
Definition.
*327 "School" means the grounds or any facility of any kindergarten, elementary school, middle school, junior high school, or secondary school, whether public or non-public.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

14.2 DEALING IN STOLEN PROPERTY (FENCING)

§ 812.019(1), Fla. Stat.
To prove the crime of (crime charged) Dealing in Stolen Property (Fencing), the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [trafficked in] [endeavored to traffic in] (property alleged).
2. (Defendant) knew or should have known that (property alleged) was stolen.
Inferences. Give if applicable. § 812.022(2), Fla. Stat.
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
Inferences. Give if applicable. § 812.022(3), Fla. Stat.
Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.
Inferences. Give if applicable. § 812.022(4), Fla. Stat.
Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.
Inferences. Give if applicable. § 812.022(5), Fla. Stat.
Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.
Inferences. Give if applicable. § 812.022(6), Fla. Stat.
Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.
Definitions.
§ 812.012(3), Fla. Stat.
"Property" means anything of value, and includes:
real property, including things growing on, affixed to and found in land;
tangible or intangible personal property, including rights, privileges, interests, and claims; and
services.
*328 §§ 812.012(6), 812.028(3), Fla. Stat.
"Stolen property" means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to (defendant) as stolen property.
§ 812.012(7), Fla. Stat.
"Traffic" means:
to sell, transfer, distribute, dispense or otherwise dispose of property; and
to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.

 Lesser Included Offenses
------------------------------------------------------------------------------
 DEALING IN STOLEN PROPERTY  TRAFFICKING  812.019(1)
------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------------------------
None Grand theft  third degree 812.014(2)(c)
------------------------------------------------------------------------------
 Petit theft  first degree 812.014(2)(e)
------------------------------------------------------------------------------
 Petit theft  second degree 812.014(3)(a)
------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and in 2007, by adding the Inferences in § 812.022(2)-(6), Fla. Stat.

14.3 DEALING IN STOLEN PROPERTY (ORGANIZING)

§ 812.019(2), Fla.Stat.
To prove the crime of (crime charged) Dealing in Stolen Property (Organizing) , the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [initiated] [organized] [planned] [financed] [directed] [managed] [supervised] the theft of (property alleged).
2. (Defendant) trafficked in the (property alleged).
Inferences. Give if applicable. § 812.022(2), Fla. Stat.
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
Inferences. Give if applicable. § 812.022(3), Fla. Stat.
Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.
Inferences. Give if applicable. § 812.022(4), Fla. Stat.
Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.
Inferences. Give if applicable. § 812.022(5), Fla. Stat.
Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone *329 number of a person other than the offeror of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.
Inferences. Give if applicable. § 812.022(6), Fla. Stat.
Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.
Definitions.
§ 812.012(3), Fla.Stat.
"Property" means anything of value, and includes:
real property, including things growing on, affixed to and found in land;
tangible or intangible personal property, including rights, privileges, interests, and claims; and
services.
§§ 812.012(6), 812.028(3), Fla. Stat.
"Stolen property" means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to (defendant) as stolen property.
§ 812.012(7), Fla. Stat.
"Traffic" means:
to sell, transfer, distribute, dispense or otherwise dispose of property; and
to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.

 Lesser Included Offenses
-----------------------------------------------------------
 DEALING IN STOLEN PROPERTY  MANAGING AND
 TRAFFICKING  812.019(2)
-----------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------
Dealing in stolen 812.019(1) 14.2
property
-----------------------------------------------------------
 None
-----------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and in 2007, by adding the Inferences in § 812.022(2)-(6), Fla. Stat.

20.14 HARASSMENT BY USE OF PERSONAL IDENTIFICATION INFORMATION

§ 817.568(4), Fla. Stat.
To prove the crime of Harassment by Use of Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:

*330 1. (Defendant) willfully and without authorization [possessed] [used] [attempted to use] personal identification information concerning (victim).
2. [He] [She] did so without first obtaining the consent of (victim).
3. [He] [She] did so with the purpose of harassing (victim).
Definitions.
"Willfully" means intentionally and purposely.
"Authorization" means empowerment, permission, or competence to act.
"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.
"Harass" means to engage in conduct directed at a specific person that is intended to cause substantial emotional distress to such person and serves no legitimate purpose. "Harass" does not mean to use personal identification information for accepted commercial purposes and does not include constitutionally protected conduct such as organized protests.
Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.

 Lesser Included Offenses
--------------------------------------------------------------------
 HARASSMENT BY USE OF PERSONAL IDENTIFICATION
 INFORMATION  817.568(4)
--------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------
None
--------------------------------------------------------------------
 Attempt (possession only) 777.04(1) 5.1
--------------------------------------------------------------------

Comment
This instruction was adopted in 2007.

20.15 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A MINOR

§ 817.568(6), Fla. Stat.
To prove the crime of Fraudulent Use of Personal Identification Information of a Minor, the State must prove the *331 following three elements beyond a reasonable doubt:
1. (Defendant) willfully and without authorization fraudulently used personal identification information concerning (victim).
2. (Victim) was less than 18 years of age.
3. (Defendant) did so without first obtaining the consent of (victim) or [his] [her] legal guardian.
Definitions.
"Willfully" means intentionally and purposely.
"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.
"Authorization" means empowerment, permission, or competence to act.
"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.
Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.

 Lesser Included Offenses
--------------------------------------------------------------
 FRAUDULENT USE OF PERSONAL IDENTIFICATION
 INFORMATION OF A MINOR  817.568(6)
--------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------
None
--------------------------------------------------------------
 Attempt 777.04(1) 5.1
--------------------------------------------------------------

Comment
This instruction was adopted in 2007.

20.16 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A MINOR BY A PARENT OR GUARDIAN

§ 817.568(7), Fla. Stat.
To prove the crime of Fraudulent Use of Personal Identification Information of a Minor by a [Parent] [Guardian], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) willfully and fraudulently used personal identification information concerning (victim).
2. (Victim) was less than 18 years of age.
3. (Defendant) was [the parent of] [the legal guardian of] [exercised *332 custodial authority over] (victim) at the time.
Definitions.
"Willfully" means intentionally and purposely.
"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.
"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.
Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.

 Lesser Included Offenses
---------------------------------------------------------------
 FRAUDULENT USE OF PERSONAL IDENTIFICATION
 INFORMATION OF A MINOR BY A [PARENT] [GUARDIAN] 
 817.568(7)
---------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------
None
---------------------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------------------

Comment
This instruction was adopted in 2007.

20.18 FRAUDULENT CREATION, USE OR POSSESSION OF COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION

§ 817.568(9), Fla. Stat.
To prove the crime of Fraudulent [Creation] [Use] [Possession] of Counterfeit Personal Identification Information, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) willfully and fraudulently [created] [used] [possessed with intent to use] counterfeit or fictitious personal identification information.
Give 2a or 2b as applicable.
2. a. The personal identification information concerned a fictitious individual.
b. The personal identification information concerned a real individual whose consent had not first been obtained.
3. [He] [She] did so with intent to commit or facilitate the commission of a fraud on another person.
*333 Definitions.
"Willfully" means intentionally and purposely.
"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.
"Authorization" means empowerment, permission, or competence to act.
"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.
"Counterfeit or fictitious personal identification information" means any counterfeit, fictitious or fabricated information in the similitude of the data just defined to you that, although not truthful or accurate, would in context lead a reasonably prudent person to credit its truthfulness and accuracy.
Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.

 Lesser Included Offenses
-------------------------------------------------------------------
 FRAUDULENT CREATION, USE OR POSSESSION OF
 COUNTERFEIT PERSONAL IDENTIFICATION INFORMATION 
 817.568(9)
-------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-------------------------------------------------------------------
None
-------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-------------------------------------------------------------------

Comment
This instruction was adopted in 2007.

27.1 ESCAPE

§ 944.40, Fla. Stat.
To prove the crime of Escape, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant) was
a. [under arrest and in the lawful custody of a law enforcement official].
b. [convicted of a crime and sentenced to a term of imprisonment and committed to (institution alleged) by a court].
Give 2a, 2b, or 2c as applicable.
2. While a prisoner, (defendant) was

*334 a. [confined at (name of institution)].
b. [being transported to or from a place of confinement].
c. [working on a public road].
3. (Defendant) escaped or attempted to escape by (read overt act from charge), intending to avoid lawful confinement.
Give if requested and applicable. See Kearse v. State, 662 So.2d 677 (Fla.1995) and Applewhite v. State, 874 So.2d 1276 (Fla. 5th DCA 2004).
Definitions.
"Transportation to a place of confinement" begins at the time an individual is placed under arrest.
An "arrest" takes place when the arresting officer intends to arrest; the arresting officer actually or constructively seizes the person to be arrested; the officer's intent to arrest is communicated by the arresting officer to the person to be arrested; and the person to be arrested understands that communication. An "arrest" does not require that the law enforcement officer complete the act of acquiring total physical control over the person to be arrested.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 1989 and 2007.
NOTES
[1] The amendments to instructions 14.2  Dealing in Stolen Property (Fencing) and 14.3  Dealing in Stolen Property (Organizing), add the four inferences enacted under sections 812.022(2)-(5), Florida Statutes, pertaining to evidence of dealing in stolen property. Subsequent to the Committee's approval of its proposed changes to instructions 14.2 and 14.3, on June 7, 2006, Chapter 2006-107, section 1, Laws of Florida, was signed into law, creating an additional inference in respect to evidence of dealing in stolen property, i.e., specific to possession of a stolen motor vehicle. See § 812.022(6), Fla. Stat. (2006). Because it appears that the Committee intended to incorporate all inferences created by section 812.022, Florida Statutes, relating to dealing in stolen property, instructions 14.2 and 14.3 are modified to include the inference under section 812.022(6), Florida Statutes (2006).

In addition, new instructions 20.14  Harassment by Use of Personal Identification Information; 20.15  Fraudulent Use of Personal Identification Information of a Minor; 20.16  Fraudulent Use of Personal Identification Information of a Minor by a Parent or Guardian; and 20.18  Fraudulent Creation, Use or Possession of Counterfeit Personal Identification Information, are modified to include the term "telephone number" under "Personal identification information" at the beginning of the fourth line, to bring the definition into accord with section 817.568(1)(f)1, Florida Statutes (2006).