PER CURIAM.
This cause is before this Court upon the petition of the Committee on Standard Jury Instructions in Criminal Cases. The committee has submitted the following recommended amendments to the Florida Standard Jury Instructions in Criminal Cases:
1. The committee recommends a new instruction on “Conviction Of Certain Crimes As Impeachment,” based on sections 90.107 and 90.610(1), Florida Statutes (1993), be added to the miscellaneous instructions (page 50a of the manual) regarding the weight the evidence should be given in assessing a witness’s credibility.
2. The committee recommends an instruction for the newly created crime of “stalking” under sections 784.048(2), (3) and (4), Florida Statutes (1993).
3. The committee recommends an amendment to the standard instruction (page 122 of the manual) on “Lewd, Lascivious, Indecent Assault or Act Upon Or In The Presence Of Child; Sexual Battery F.S. 800.04” to include a definition of “in the presence of’ when subsection (4) of the statute applies. See State v. Werner, 609 So.2d 585 (Fla.1992).
4. The committee recommends an amendment to the definition of the word “union” defined in the following statutory crimes:
Sexual Battery — § 794.011(2) (page 115 of the manual);
Sexual Battery — § 794.011(3) (page 117);
Sexual Battery — § 794.011(4) (page 118a);
Sexual Battery — § 794.011(5) (page 119b);
Solicitation of Child — § 794.041(2)(a) (page 119d); and
Sexual Activity With Child— § 794.041(2)(b) (page 119e).
5. The committee recommends an amendment to the instruction (on page 119b) on “Sexual Battery, Person Twelve Years Of Age Or Older — Slight Force, F.S. 794.011(5),” in order to comply with the legislative intent expressed in section 794.005, Florida Statutes (Supp.1992). See also State v. Sedia, 614 So.2d 533 (Fla. 4th DCA 1993).
6. The committee recommends an amendment to the schedule of lesser included offenses (on pages 290-291 of the manual) to include “Sexual Battery — F.S. 794.011(5)” as a category 1 (rather than a category 2) lesser offense of “Sexual Battery — F.S. 794.011(3)” and “Sexual Battery — F.S. 794.011(4).”
*1153 7. The committee recommends that two new “notes to judge” be added to the following instructions to clarify the paragraph(s) that follow the elements in those instructions:
ASSAULT ON LAW ENFORCEMENT OFFICER (page 90).
BATTERY ON LAW ENFORCEMENT OFFICER (page 91).
AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER (page 92).
AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER (page 92b).
RESISTING OFFICER WITH VIOLENCE (page 195).
RESISTING OFFICER WITHOUT VIOLENCE (page 196).
The new note directs that the judge use a generic description of both the “official position of the victim” and the “duty being performed.”
The amendments recommended by the committee are set forth in the appendix attached to this opinion. All of the proposed instructions were published for comment in The Florida Bar News in 1994, and comments have been received and considered. We approve for publication the amendments set forth in the appendix. However, we caution all interested persons that the notes and comments reflect only the opinion of the committee and do not necessarily represent the views of this Court as to their correctness or applicability. Trial courts are charged with the responsibility to determine and properly instruct the jury on the prevailing law. The amendments as set forth in the appendix shall be effective when this opinion becomes final. We express our gratitude to the committee for its continuing contribution to the criminal justice system.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
CONVICTION OF CERTAIN CRIMES AS IMPEACHMENT (NEW) F.S. 90.107, 90.610(1)
Note to Judge:
To be given at the time the evidence is admitted, if requested.
The evidence that you are about to receive that [ (witness) ] [ (defendant) ] has been convicted of (crime) should be considered by you only in weighing the credibility of [ (witness’s) ] [ (defendant’s) ] testimony and not for any other purpose.
STALKING F.S. 784.048(2)
Before you can find the defendant guilty of stalking, the State must prove the following element beyond a reasonable doubt:
Element
(Defendant) willfully, maliciously, and repeatedly followed or harassed (victim).
Definition
“Harass” means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
AGGRAVATED STALKING F.S. 784.048(3)
Before you can find the defendant guilty of aggravated stalking, the State must prove the following two elements beyond a reasonable doubt:
Elements
1. (Defendant) willfully, maliciously, and repeatedly followed or harassed (victim).
*1154 2. (Defendant) made a credible threat with the intent to place (victim) in reasonable fear of death or bodily injury.
Definitions
“Harass” means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
“Credible threat” means a threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.
AGGRAVATED STALKING F.S. 784.048(4)
Before you can find the defendant guilty of aggravated stalking, the State must prove the following two elements beyond a reasonable doubt:
Elements
1. (Defendant) knowingly, willfully, maliciously, and repeatedly followed or harassed (victim).
2. (Defendant) did so in violation of (a) an injunction for protection against repeat violence.
Give (a), (b) or (c) as applicable
(b) an injunction for protection against domestic violence.
(c) any [other] court imposed prohibition of conduct toward (the victim) or (victim’s) property.
Definitions
“Harass” means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
“Credible threat” means threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.
LEWD, LASCIVIOUS, INDECENT ASSAULT OR ACT UPON OR IN THE PRESENCE OF CHILD; SEXUAL BATTERY, F.S. 800.04
“In the presence of’ means that (victim) saw, heard, or otherwise sensed that the act was taking place.
Note to Judge: See State v. Werner, 609 So.2d 585 (FIa.1992).
SEXUAL BATTERY — F.S. 794.011(2)
SEXUAL BATTERY — F.S. 794.011(3)
SEXUAL BATTERY — F.S. 794.011(4)
SEXUAL BATTERY — F.S. 794.011(5)
SOLICITATION OF CHILD — F.S. 794.041(2)(a)
SEXUAL ACTIVITY WITH CHILD — F.S. 794.041(2)(b)
“Union” means is an alternative to penetration and means- coming- into contact.
SEXUAL BATTERY — PERSON TWELVE YEARS OF AGE OR OLDER SLIGHT FORCE— F.S. 794.011(5)
*1155 Before you can find the defendant guilty of sexual battery upon a person twelve years of age or older by the-use of slight force, the State must prove the following four three elements beyond a reasonable doubt:
Elements
1. (Victim) was twelve years of age or older.
Give 2(a) or 2(b) as applicable
2. a. [ (Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [ (defendant) ] [ (victim) ] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [ (Defendant) ] committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.
3. (Defendant) in the process used physical force and-violence not likely to cause serious personal injury.
4 The act was committed without the consent of (victim).
Definitions
Give in all cases
“Consent” means intelligent, knowing and voluntary consent and does not include coerced submission.
“Serious personal- injury” means great bodily harm or pain, permanent disability, or- permanent disfigurement.
Give if applicable
Evidence of the victim’s mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing and voluntary consent.
“Mentally incapacitated” means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic anesthetic or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
“Mentally defective” means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
Give if applicable
“Union” means is an alternative to penetration and means-coming into contact.
However, any act done for bona fide medical purposes is not a sexual battery.
Note to judge
In the event of multiple perpetrators, give instruction on enhancement, F.S. 794.023.
Note to judge
The option of the word “[with] (victim)” in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.
“SEXUAL BATTERY — F.S. 794.011(5)” (Category 1) (rather than Category 2) lesser offense of “SEXUAL BATTERY — F.S. 794.011(3)” and “SEXUAL BATTERY — F.S. 794.011(4).”
ASSAULT ON LAW ENFORCEMENT OFFICER (page 90)
BATTERY ON LAW ENFORCEMENT OFFICER (page 91)
AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER (page 92)
*1156 AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER (page 92b)
RESISTING OFFICER WITH VIOLENCE (page 195)
RESISTING OFFICER WITHOUT VIOLENCE (page 196)
Note to judge:
In giving this instruction, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g. probation officer, correctional officer. See Wright v. State, 608 So.2d 576 (Fla. 3d DCA 1992).
Note to judge:
In giving this instruction, refer only to the type of duty or legal process that was being performed, e.g., making an arrest, serving a subpoena, serving a domestic violence order. See Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).