994 So.2d 1038 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES REPORT NO. 2008-05.
No. SC08-744.
Supreme Court of Florida.
October 16, 2008.
Judge Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (the Committee) has submitted proposed additions and changes to the standard jury instructions in criminal cases and requests that the Court authorize the new and amended instructions for publication and use. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Committee proposes new Standard Jury Instructions in Criminal Cases 8.5(a) (Domestic Battery by Strangulation) and 29.13(a) (Animal Cruelty (Misdemeanor)), and amendments to instructions 7.2 (MurderFirst Degree), 7.4 (MurderSecond Degree), 7.9 (Vehicular or Vessel Homicide), 8.10 (Assault on Law Enforcement Officer, Firefighter, etc.), 8.11 (Battery on Law Enforcement Officer, Firefighter, etc.), 8.12 (Aggravated Assault on Law Enforcement Officer, Firefighter, etc.), and 8.13 (Aggravated Battery on Law Enforcement Officer, Firefighter, etc.). The proposed amendments are in response to changes by the Florida Legislature to the underlying criminal statutes.
Prior to submitting its report to the Court, the Committee published the proposed amendments in The Florida Bar News and asked for comments. There *1039 were no comments. The proposed amendments were not republished by the Court.
Having considered the committee's report and the comments filed in Case No. SC07-705,[1] we hereby authorize the publication and use of the instructions at issue as submitted by the Committee, with minor modifications as set forth in the appendix attached to this opinion.[2] In doing so, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.

APPENDIX

7.2 MURDERFIRST DEGREE

§ 782.04(1)(a), Fla. Stat.
When there will be instructions on both premeditated and felony murder, the following explanatory paragraph should be read to the jury.
There are two ways in which a person may be convicted of first degree murder. One is known as premeditated murder and the other is known as felony murder.
To prove the crime of First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) is dead.
2. The death was caused by the criminal act of (defendant).
3. There was a premeditated killing of (victim).

Definitions.
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
"Killing with premeditation" is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the *1040 killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.
The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.

Transferred intent. Give if applicable.
If a person has a premeditated design to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.

Lesser Included Offenses

 FIRST DEGREE (PREMEDITATED) MURDER  782.04(1)(a)
-----------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------
 Second degree 782.04(2) 7.4
 (depraved mind) murder
-----------------------------------------------------------------------------
 Manslaughter 782.07 7.7
-----------------------------------------------------------------------------
 Second degree (felony) 782.04(3) 7.5
 murder
-----------------------------------------------------------------------------
 Third degree (felony) 782.04(4) 7.6
 murder
-----------------------------------------------------------------------------
 Vehicular homicide 782.071 7.9
-----------------------------------------------------------------------------
 Aggravated assault 784.021 8.2
-----------------------------------------------------------------------------
 Aggravated battery 784.045 8.4
-----------------------------------------------------------------------------
 Assault 784.011 8.1
-----------------------------------------------------------------------------
 Battery 784.03 8.3
-----------------------------------------------------------------------------
 Felony battery 784.041 8.5
-----------------------------------------------------------------------------
 Culpable negligence 784.05(2) 8.9
-----------------------------------------------------------------------------
 Culpable negligence 784.05(1) 8.9
-----------------------------------------------------------------------------
 Attempted second 782.04(2) &
 degree murder 777.04 6.4
-----------------------------------------------------------------------------
 Attempted voluntary 782.07 &
 manslaughter 777.04 6.6
-----------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and was amended in October 1981, and July 1997, and 2008.

7.4 MURDER-SECOND DEGREE

§ 782.04(2), Fla.Stat.
To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) is dead.
2. The death was caused by the criminal act of (defendant).
3. There was an unlawful killing of (victim) by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.

*1041 Definitionss.
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
2. is done from ill will, hatred, spite, or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.

Lesser Included Offenses

 SECOND DEGREE (DEPRAVED MIND) MURDER  782.04(2)
------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------------------
 Manslaughter 782.07 7.7
------------------------------------------------------------------------
 Third degree (felony) 782.04(4) 7.6
 murder
------------------------------------------------------------------------
 Vehicular homicide 782.071 7.9
------------------------------------------------------------------------
 (Nonhomicide lessers) 777.04(1) 5.1
 Attempt
------------------------------------------------------------------------
 Culpable negligence 784.05(2) 8.78.9
------------------------------------------------------------------------
 Culpable negligence 784.05(1) 8.9
------------------------------------------------------------------------
 Felony battery 784.041 8.5
------------------------------------------------------------------------
 Aggravated battery 784.045 8.4
------------------------------------------------------------------------
 Aggravated assault 784.021 8.2
------------------------------------------------------------------------
 Battery 784.03 8.3
------------------------------------------------------------------------
 Assault 784.011 8.1
------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1997 and 2008.

7.9 VEHICULAR OR VESSEL HOMICIDE

§ 782.071 or § 782.072, Fla. Stat.
To prove the crime of [Vehicular] [Vessel] Homicide, the State must prove more than a failure to use ordinary care, and must prove the following three elements beyond a reasonable doubt:
1. (Victim) is dead.
2. The death was caused by the operation of a [motor vehicle] [vessel] by (defendant).
3. (Defendant) operated the [motor vehicle] [vessel] in a reckless manner likely to cause the death of or great bodily harm to another person.
An intent by the defendant to harm or injure the victim or any other person is not an element to be proved by the State.

*1042 Enhanced penalty. § 782.071(1)(b) or § 782.072(2), Fla. Stat. Give if applicable.

If you find the defendant guilty of [vehicular] [vessel] homicide, you must then determine whether the State has further proved beyond a reasonable doubt that:
1. At the time of the accident, (defendant) knew, or should have known, that the accident occurred; and
2. (Defendant) failed to give information and render aid as required by law. (Read applicable portion of § 316.062, Fla. Stat., as charged in information or indictment.)

However, the State is not required to prove (defendant) knew that the accident resulted in injury or death.

Definitions.

§ 782.071(2), Fla. Stat. Applicable only to Vehicular Homicide.
"Victim" includes a human being or a viable fetus which is killed as a result of any injury to the mother. A fetus is viable when it becomes capable of meaningful life outside the womb through standard medical measures.

§ 327.02(39) Fla. Stat. Applicable only to Vessel Homicide.
"Vessel" is synonymous with boat and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.

Lesser Included Offenses

 VEHICULAR OR VESSEL HOMICIDE  782.071 or 782.072
 --------------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 --------------------------------------------------------------------------------
 Reckless driving 316.192 28.5
 --------------------------------------------------------------------------------
 Reckless or careless operation 327.33
 of vessel
 --------------------------------------------------------------------------------
 Culpable negligence 784.05(2) 8.9
 --------------------------------------------------------------------------------
 Culpable negligence 784.05(1) 8.9
 --------------------------------------------------------------------------------

Comment
Culpable negligence is a Category Two lesser included offense of both vehicular and vessel homicide.
This instruction was adopted in 1981 and amended in 1989,and 2006, and 2008.

8.5(a) DOMESTIC BATTERY BY STRANGULATION

§ 784.041(2)(a), Fla. Stat.
To prove the crime of Domestic Battery by Strangulation, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly and intentionally impeded the normal [breathing] [circulation of the blood] of (victim) against [his] [her] will [by applying pressure on the throat or neck of (victim) ] [by blocking the nose or mouth of (victim)].
2. In so doing, (Defendant) [created a risk of great bodily harm to (victim)]. *1043 [caused great bodily harm to (victim).]
3. (Defendant) was [a family or household member of (victim).] [in a dating relationship with (victim).]
Give as applicable.
"Family or household member" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
"Dating relationship" means a continuing and significant relationship of a romantic or intimate nature.

Lesser Included Offenses

 FELONY DOMESTIC BATTERY BY STRANGULATION  784.041(2)(a)
-----------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------
 Battery 784.03 8.3
-----------------------------------------------------------------
 None
-----------------------------------------------------------------

Comment
This instruction was adopted in 2008.

8.10 ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.

§ 784.07(2)(a), Fla. Stat.
To prove the crime of Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer], the State must prove the following six elements beyond a reasonable doubt:
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
4. (Victim) was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
5. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction *1044 enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
6. At the time of the assault, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Lesser Included Offenses

 ASSAULT ON LAW ENFORCEMENT OFFICER FIREFIGHTER, ETC.
 784.07(2)(a)
-------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-------------------------------------------------------------------
 Assault 784.011 8.1
-------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-------------------------------------------------------------------

Comment
Several statutes have been added in recent years providing for reclassification of assaults and batteries on designated classes: "784.074, 784.075, 784.076, 784.078, 784.081, 784.082, 784.083, and 784.085.
This instruction was adopted in 1981 [431 So.2d 594] and amended in 1992 [603 So.2d 1175], 1995 [657 So.2d 1152], and 2007 [962 So.2d 310], and 2008.

8.11 BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.

§ 784.07(2)(b), Fla. Stat.
To prove the crime of Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer], the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) intentionally
[touched or struck (victim) against [his] [her] will].
[caused bodily harm to (victim)].
2. (Victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].

*1045 3. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
4. (Victim) was engaged in the lawful performance of [his] [her] duties when the battery was committed.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Lesser Included Offenses

 BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.
 784.07(2)(b)
--------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------
 Battery 784.03 8.3
--------------------------------------------------------------------
 Attempt 777.04(1) 5.1
--------------------------------------------------------------------

Comment
This instruction was adopted in 1981 [431 So.2d 594] and amended in 1992 [603 So.2d 1175], 1995 [657 So.2d 1152], and 2007 [962 So.2d 310], and 2008.

8.12 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.

§ 784.07(2)(c), Fla. Stat.
To prove the crime of Aggravated Assault on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer], the State must prove the following seven elements beyond a reasonable doubt. The first three elements define assault.
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
Give 4a or 4b as applicable.
4. a. The assault was made with a deadly weapon.

*1046 b. The assault was made with a fully-formed, conscious intent to commit (crime charged) upon (victim).
If 4b is alleged, define the crime charged.
5. (Victim) was at the time a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
6. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
7. At the time of the assault, (victim) was engaged in the lawful performance of [his] [her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Definition. Give if 4a alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give if 4a alleged.
It is not necessary for the State to prove that the defendant had an intent to kill.

Lesser Included Offenses

 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER, ETC. 
 784.07(2)(c)
-----------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT INS. NO.
-----------------------------------------------------------------------------
 Aggravated assault 784.021 8.2
-----------------------------------------------------------------------------
 Assault on law on enforcement
 officer 784.07(2)(a) 8.10
-----------------------------------------------------------------------------
 Assault 784.011 8.1
-----------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------------------------------
 Improper exhibition of 790.10 10.5
 dangerous weapons or
 firearms
-----------------------------------------------------------------------------
 Discharging firearms in 790.15 10.6
 public
-----------------------------------------------------------------------------

*1047 Comment
This instruction was approved in 1992 [603 So.2d 1175], and amended in 1995 [657 So.2d 1152], and 2007 [962 So.2d 310], and 2008.

8.13 AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER, FIREFIGHTER, ETC.

§ 784.07(2)(d), Fla. Stat.
To prove the crime of Aggravated Battery on a [Law Enforcement Officer] [Firefighter] [Emergency Medical Care Provider] [Traffic Accident Investigation Officer] [Traffic Infraction Enforcement Officer] [Parking Enforcement Specialist] [Security Officer Employed by the Board of Trustees of a Community College] [Federal Law Enforcement Officer], the State must prove the following five elements beyond a reasonable doubt. The first element is a definition of battery.
1. (Defendant)
[intentionally touched or struck (victim) against [his] [her] will]
[intentionally caused bodily harm to (victim)].
Give 2a or 2b as applicable.
2. (Defendant) in committing the battery
a. intentionally or knowingly caused
[great bodily harm to (victim)]
[permanent disability to (victim)]
[permanent disfigurement to (victim)]
b. used a deadly weapon.
3. (Victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
4. (Defendant) knew (victim) was a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
5. (Victim) was engaged in the lawful performance of [his] [her] duties when the battery was committed against [him] [her].
The court now instructs you that (name of official position of victim designated in charge) is a [law enforcement officer] [firefighter] [emergency medical care provider] [traffic accident investigation officer] [traffic infraction enforcement officer] [parking enforcement specialist] [security officer employed by the board of trustees of a community college] [federal law enforcement officer].
In giving this sentence, do not refer to the victim by name. The instruction must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Definition. Give if 2b alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Lesser Included Offenses

*1048
 AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER
 FIREFIGHTER, ETC.  784.07(2)(d)
-------------------------------------------------------------------------------
 CATEGORY ONE CATEGORY TWO FLA. STAT INS. NO.
-------------------------------------------------------------------------------
 Aggravated battery 784.045 8.4
-------------------------------------------------------------------------------
 Felony battery 784.041 8.5
-------------------------------------------------------------------------------
 Battery on enforcement 784.07(2)(b) 8.11
 officer
-------------------------------------------------------------------------------
 Battery 784.03 8.3
-------------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-------------------------------------------------------------------------------
 Improper exhibition of 790.10 10.5
 dangerous weapons or
 firearms
-------------------------------------------------------------------------------
 Discharging firearms in 790.15 10.6
 public
-------------------------------------------------------------------------------

Comment
The lesser included offense of Felony Battery is only applicable if element 2a is charged and proved.
This instruction was adopted in 1992 [603 So.2d 1175] and was amended in 1995 [657 So.2d 1152], and 2007 [962 So.2d 310], and 2008.

29.13(a) ANIMAL CRUELTY (MISDEMEANOR)

§ 828.12(1), Fla. Stat.
To prove the crime of Animal Cruelty, the State must prove the following element beyond a reasonable doubt:
Give a, b, or c as applicable.
(Defendant)
a. unnecessarily [overloaded] [overdrove] [tormented] [mutilated] [killed] an animal.
b. deprived an animal of necessary [sustenance] [shelter].
c. carried an animal in or upon a vehicle [or otherwise] in a cruel or inhumane manner.

Definition. Give if applicable.
["Torment"] [A "cruel" manner] includes every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is reasonable remedy or relief, except when in the interest of medical science.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2008.
NOTES
[1] A different version of instruction 29.13(a) had initially been proposed for adoption in the Committee's Report No. 2007-03, case No. SC07-705, but was withdrawn from consideration with leave of the Court on September 25, 2007. The Committee received two comments on the proposed instruction when it was published for comment in that case. The Committee considered these comments when making its recommendation in this case.
[2] None of these modifications are substantive. The amendments as reflected in the appendix are to the instructions as they appear on the Court's website at www.floridasupremecourt. org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.