# Supreme Court of Florida

_____

No. SC14-465
_____

**IN RE:  STANDARD JURY INSTRUCTIONS
IN CRIMINAL CASES—REPORT NO. 2014-03.**

[January 29, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted a report proposing changes to the standard criminal jury instructions and asks the Court to authorize the amended standard instructions for publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes changes to the following six standard criminal jury instructions: (1) 11.1, Sexual Battery–Victim Less Than 12 Years of Age; (2) 11.2, Sexual Battery–Victim 12 Years of Age or Older–Great Force; (3) 11.3, Sexual Battery–Victim 12 Years of Age or Older–Specified Circumstances; (4) 11.4, Sexual Battery–Person 12 Years of Age or Older; (5) 11.5, Solicitation of Child Under 18 Years of Age to Engage in an Act that Constitutes Sexual Battery by

Person in Familial or Custodial Authority; and (6) 11.6, Sexual Battery Upon Child 12 Years of Age or Older but Under 18 Years of Age by Person in Familial or Custodial Authority.

The Committee previously proposed amendments to Criminal Jury Instruction 11.1. The Court declined to authorize the proposed changes due to a lack of supporting legal authority for certain proposed changes and a perceived logical inconsistency in the table of lesser-included offenses. See In re Std. Jury Instrs. in Crim. Cases—Report No. 2012-05, 131 So. 3d 755, 756 (Fla. 2013). We asked the Committee to reconsider its proposal. The current report provides the legal support previously found lacking and clarifies the Committee's reasoning with respect to the table of lesser-included offenses. After the Committee's report was filed with the Court, the proposed changes were published in The Florida Bar News and comments were solicited. No comments were filed.

In reconsidering its proposed changes to instruction 11.1, the Committee discovered additional issues affecting not only instruction 11.1 but also instructions 11.2–11.6. All six instructions are amended in order to include all the possible ways the various offenses can be committed based on the statutory language defining the offenses. Other changes are made to conform the instructions and notes to the statutory language and caselaw. Obsolete notes and comments are

deleted from the instructions.  The tables of lesser-included offenses are revised for technical correctness and consistency.

Upon consideration of the Committee's report, we authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type.

In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

      for Petitioner

# APPENDIX

## 11.1 SEXUAL BATTERY —
## VICTIM LESS THAN 12 YEARS OF AGE
§ 794.011(2), Fla. Stat.

**To prove the crime of Sexual Battery upon a Person Less Than 12 Years of Age, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Victim) **was less than 12 years of age.**

*Give 2a, 2b, 2c, or 2d as applicable.*

2.  a.  (Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)].

    b.  (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.**

    c.  (Defendant) **injured the sexual organ of** (victim) **in an attempt to commit an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **would have penetrated or would have had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)].

    d.  (Defendant) **injured the sexual organ of** (victim) **in an attempt to commit an act upon** (victim) **in which the [anus] [vagina] of** (victim) **would be penetrated by an object.**

*Give 3a or 3b as applicable.*

3.  a.  (Defendant) **was 18 years of age or older at the time of the sexual battery.**

    b.  (Defendant) **was less than 18 years of age at the time of the sexual battery.**

- 5 -

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual battery.**
*Definition.  Give if applicable.*
**"Union" means contact.**

 *Give if requested. Khianthalat v. State, 974 So. 2d 359 (Fla. 2008).*
**Consent of** (victim) **is not a defense to the crime charged.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's**) lack of chastity is not a defense to the crime charged.**

 *§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

~~*In the event that multiple perpetrators is charged and proven, give instruction on enhancement.*~~
~~*§ 794.023, Fla. Stat.*~~

~~*The option of the word "[with] (victim)" in 2a and 2c is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.*~~

**Lesser-Included Offenses**

| SEXUAL BATTERY — VICTIM UNDER 12 — 794.011(2)(a)–(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Battery | | 784.03(1)(a)1 | 8.3 |
| | Solicitation by person in familial authority | 794.011(8)(c) | 11.5 |
| | Attempt | 777.04(1) | 5.1 |
| | ~~Assault~~ Aggravated battery | ~~784.011~~ 784.045(1)(a) | ~~8.1~~8.4 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | ~~Aggravated battery~~ Assault | ~~784.045(1)(a)~~ 784.011 | ~~8.4~~ 8.1 |

## Comment

This instruction was adopted in 1981 and was amended in 1987 [508 So. 2d 1221], 1995 [657 So. 2d 1152], ~~and~~ 2007~~, by adding 3(a) and 3(b) pursuant to~~ *~~Glover v. State~~,* [863 So. 2d 236]~~,~~ ~~(Fla. 2003)~~ and 2015.

**11.2 SEXUAL BATTERY — VICTIM 12 YEARS OF AGE OR OLDER — GREAT FORCE <u>OR DEADLY WEAPON</u>**
§ 794.011(3), Fla. Stat.

**To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older with the Use of [a Deadly Weapon] [or] [Physical Force <u>Likely to Cause Serious Personal Injury</u>], the State must prove the following four elements beyond a reasonable doubt:**

1.    (Victim) **was 12 years of age or older.**

2.    a.    **[**(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the [**(defendant)**] [**(victim)**] penetrated or had union with the [anus] [vagina] [mouth] of the [**(victim)**] [**(defendant)**].]**

      b.    (Defendant) **committed an act [upon<u>] [with</u>]** (victim) **in which the [anus] [vagina] of [**(victim)**<u>] [(defendant)</u>] was penetrated by an object.**

3.    (Defendant) **in the process**

      a.    **[used or threatened to use a deadly weapon].**

      b.    **[used actual physical force likely to cause serious personal injury].**

4.    **The act was done without the consent of** (victim)**.**

*Definitions.*
*Give in all cases.*
**"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.**

*Give if applicable.*
**Evidence of the victim's mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

**"Union" means contact.**

*Give if 3a alleged.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if 3b alleged.*
**"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.**

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

<u>*Give if requested. § 794.022, Fla. Stat.*</u>
<u>(Victim's) **lack of chastity is not a defense to the crime charged.**</u>

~~*In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.*~~

*The option of the word "[with] (victim)" in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So. 2d 624 (Fla. 1st DCA 1986), at pages 627, 628.*

**Lesser-Included Offenses**

| SEXUAL BATTERY — VICTIM OVER 12 — WEAPON OR FORCE — 794.011(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery | | 794.011(5) | 11.4 |
| Battery | | 784.03(1)(a)1 | 8.3 |
| | Sexual battery | 794.011(4) | 11.3 |
| | Attempt | 777.04(1) | 5.1 |
| | Lewd or lascivious battery | 800.04(4) | 11.10 or 11.10(a) |
| | Aggravated battery | 784.045(1)(a) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 1981 and was amended in 1987 [508 So. 2d 1221], 1995 [657 So. 2d 1152], 2003 [850 So. 2d 1272], ~~and~~ 2008 [995 So. 2d 476], and 2015.

## 11.3 SEXUAL BATTERY — VICTIM 12 YEARS OF AGE OR OLDER — SPECIFIED CIRCUMSTANCES
§ 794.011(4), Fla. Stat.

**To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older under Specified Circumstances, the State must prove the following four elements beyond a reasonable doubt:**

1.      (Victim) **was 12 years of age or older.**

2.      a.      [(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)]

- 9 -

**penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]**

b.    (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of [**(victim)**] [(defendant)]** **was penetrated by an object.**

3.    a.    [(Victim) **was physically helpless to resist.**]

b.    [(Defendant) **coerced** (victim) **to submit by threatening to use force or violence likely to cause serious personal injury and** (victim) **reasonably believed the** (defendant) **had the present ability to execute the threat.**]

c.    [(Defendant) **coerced** (victim) **to submit by threat of retaliation against** (victim) **or any other person and** (victim) **reasonably believed that** (defendant) **had the ability to execute the threat in the future.**]

d.    [(Defendant)**, without prior knowledge or consent of** (victim)**, administered or had knowledge of someone else administering to** (victim) **a narcotic, anesthetic, or other intoxicating substance that mentally or physically incapacitated** (victim)**.**]

e.    [(Victim) **was mentally defective and** (defendant) **had reason to believe this or had actual knowledge of that fact.**]

f.    [(Victim) **was physically incapacitated.**]

g.    [(Defendant) **was at the time a[n]** (insert official title or position) **and was a[n] [certified [law enforcement officer] [correctional officer] [correctional probation officer]] [elected official exempt from certification] [person in a position of control or authority in a probation, community control, controlled release, detention, custodial, or similar setting] and the [officer] [official] [person] was acting in such a manner as to lead** (victim) **to reasonably believe that** (defendant) **was in a position of control or authority as an agent or employee of government.**]

**4.      The act was committed without the consent of** (victim)**.**

*Definitions.*
*Give in all cases.*
**"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission.  Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.**

*Give if applicable.*
**Evidence of the victim's mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

**"Union" means contact.**

*Give if 3a alleged.*
**"Physically helpless" means that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to act.**

*Give if 3b alleged.*
**"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.**

*Give if 3f alleged.*
**"Physically incapacitated" means that a person is bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act.**

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.*

*The option of the word "[with] (victim)" in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.*

**Lesser-Included Offenses**

| SEXUAL BATTERY — VICTIM OVER 12 — ~~SPECIAL~~ SPECIFIED CIRCUMSTANCES — 794.011(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery | | 794.011(5) | 11.4 |
| Battery | | 784.03(1)(a)1 | 8.3 |
| | Lewd or lascivious battery | 800.04(4) | 11.10 or 11.10(a) |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated battery | 784.045(1) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Assault | 784.011 | 8.1 |

**Comments**

Element 3g: See s. 943.10(1), (2), (3), (6), (7), (8), (9) for the definition of a law enforcement officer, correctional officer, or correctional probation officer who must be either certified pursuant to s. 943.1395 or an elected officer exempt from certification pursuant to s. 943.253.

This instruction was adopted in 1981 and was amended in 1987 [508 So. 2d 1221], 1992 [603 So. 2d 1175], 1995 [657 So. 2d 1152], 2003 [850 So. 2d 1272], ~~and~~ 2008 [995 So. 2d 476], and 2015.

## 11.4 SEXUAL BATTERY — PERSON 12 YEARS OF AGE OR OLDER
§ 794.011(5), Fla._Stat.

**To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) **was 12 years of age or older.**

*Give 2a or 2b as applicable.*
2. a. **[**(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the [**(defendant)**] [**(victim)**] penetrated or had union with the [anus] [vagina] [mouth] of the [**(victim)**] [**(defendant)**].]**

   b. (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of [**(victim)**] [**(defendant)**] was penetrated by an object.**

3. **The act was committed without the consent of** (victim)**.**

*Definitions*
*Give in all cases.*
**"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.**

*Give if applicable.*
**Evidence of the victim's mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective"** means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.

*Give if applicable.*
**"Union" means contact.**

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla._Stat.*

*~~The option of the word "[with] (victim)" in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.~~*

## Lesser-Included Offenses

| SEXUAL BATTERY — VICTIM OVER 12 — WITHOUT FORCE — 794.011(5) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03(1)(a)1 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

## Comment

This instruction was adopted in 1981 and was amended in 1987 [508 So. 2d 1221], 1995 [657 So. 2d 1152], ~~and~~ 2003 [850 So. 2d 1272], and 2015.

**11.5 SOLICITATION OF CHILD UNDER 18 YEARS OF AGE TO
ENGAGE IN AN ACT THAT CONSTITUTES SEXUAL BATTERY BY
PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY**
§ 794.011(8)(a), Fla._Stat.

**To prove the crime of Solicitation of a Child to Engage in an Act that
Constitutes Sexual Battery by a Person in Familial or Custodial Authority, the
State must prove the following three elements beyond a reasonable doubt:**

1.      (Victim) **was less than 18 years of age.**

2.      (Defendant) **stood in the position of familial or custodial authority
        with regard to** (victim)**.**

3.      (Defendant) **[commanded] [encouraged] [hired] [requested] [tried
        to induce]** (victim) **to engage in an act which constitutes sexual
        battery in which:**

        a.  **[the sexual organ of the [**(defendant)**] [**(victim)**] would penetrate or
            have union with the [anus] [vagina] [mouth] of the [**(victim)**]
            [**(defendant)**]].**

        b.  **[the [anus] [vagina] of [**(victim)**] [(defendant)] would be penetrated
            by an object].**

**It is not necessary that a sexual battery actually take place for the crime
to be completed.**

*§ 794.011(8), Fla. Stat.*
**It is not a defense that** (victim) **was willing to engage in an act which
constitutes sexual battery or consented to engage in such acts.**

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual
battery.**

*Definition. Give if applicable.*
**"Union" means contact.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1987 [508 So. 2d 1221] and was amended in 1995 [657 So. 2d 1152], ~~and~~ 1997 [697 So. 2d 84], and 2015.

## 11.6 SEXUAL BATTERY UPON CHILD 12 YEARS OF AGE OR OLDER BUT UNDER 18 YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY
§ 794.011(8)(b), Fla. Stat.

**To prove the crime of Sexual Battery Upon a Child by a Person in a Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Victim) **was 12 years of age or older but less than 18 years of age.**

2.      (Defendant) **stood in the position of familial or custodial authority with regard to** (victim)**.**

3.      (Defendant) **committed an act [upon] [with]** (victim) **in which:**

a. **[the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**].**

b. **[the [anus] [vagina] of [**(victim)**] [**(defendant)**] was penetrated by an object].**

*§ 794.011(8), Fla. Stat.*
**It is not a defense that** (victim) **was willing to engage in acts which would constitute a sexual battery or consented to engage in such acts.**

*Give if applicable.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Definition. Give if applicable.*
**"Union" means contact.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

**Lesser-Included Offenses**

| SEXUAL BATTERY UPON CHILD 12 YEARS OF AGE OR OLDER BUT UNDER 18 YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY — 794.011(8)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Lewd or lascivious battery | 800.04(4) | 11.10 or 11.10(a) |
| | Battery | 784.03 | 8.3 |

**Comment**

This instruction was adopted 1987 [508 So. 2d 1221] and was amended in 1995 [657 So. 2d 1152], 1997 [697 So.2d 84], ~~and~~ 2008 [995 So. 2d 476], and 2015.